STOKES v. AMERMAN et al.

(Supreme Court, General Term, Second Department. December 10, 1889.)

1. TRUSTS—POWERS OF SUBSTITUTED TRUSTEE—JUDGMENT.

A judgment entered in the name of two testamentary trustees, after the death of one and resignation of the other, vests without assignment in their successor, who can enforce it by any proceeding open to a judgment creditor.

2. FRAUDULENT CONVEYANCES—RIGHTS OF JUDGMENT CREDITORS.

A judgment creditor can maintain an action to reach property where it is alleged the debtor has bought and paid for it with his own money, but has taken the title in his wife's name, for the purpose of defrauding his creditors.

Appeal from special term, Kings county.

Action by Stephen B. M. Stokes, as sole trustee for the benefit of Mary A. Hewitt, under the last will and testament of Caroline L. Stokes, deceased, against Richard Amerman, Eleanor Amerman, and others, to subject land held in the name of his wife to the satisfaction of a judgment against Richard Amerman. Eleanor Amerman appeals from a judgment overruling her demurrer to the complaint.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Bristow, Peet & Opdyke, (David Willcox and L. E. Opdyke, of counsel,) for appellant. Stephen B. M. Stokes, pro se.

DYKMAN, J According to the complaint in this action, Charles W. Stokes and Sarah P. Powell, as testamentary trustees of Mary A. Hewitt, recovered a judgment in the supreme court against the defendant Richard Amerman on the 5th day of November, 1886, for $4,537.58, with interest from February 1, 1873. Two executions were issued upon such judgment in a regular way against the property of Richard Amerman, and both were returned unsatisfied. Charles W. Stokes, one of the testamentary trustees, has since died, and Sarah P. Powell, the other trustee, has resigned, and the plaintiff has been appointed sole trustee in their place, and the judgment against Amerman has been assigned to him, and he has succeeded to the rights of the original plaintiff. On the 1st day of September, 1883, Robert S. Walker and Frances H., his wife, the son-in-law and daughter of the defendant Richard Amerman, conveyed the lands and premises described in the complaint to the defendant Eleanor Amerman, the wife of Richard Amerman. The purchase price of the property was $7,500, and the property at the time of the purchase was subject to three mortgages,—one for $3,500, one for $1,000, and one for $900; and, besides assuming those mortgages, the grantee made and delivered to Robert S. Walker her promissory note for $2,100, and so paid no cash on account of the said purchase. Since the purchase the defendants have paid with money belonging to Richard Amerman the promissory note of $2,100, the $900 mortgage, and the interest upon the other mortgages. Then there is a general allegation that Richard Amerman was in fact the purchaser of the premises, and the title was taken in the name of his wife to cheat and defraud his creditors, and hinder and delay the collection of his debts. Then a judgment is demanded which shall give a lien upon the premises to the extent of the money paid therefor by Richard Amerman; that the premises be sold, and the proceeds be applied to the payment of the judgment held by the plaintiff. The defendant Eleanor Amerman demurred to the complaint, because it did not state facts sufficient to constitute a cause of action against her, and the demurrer was overruled on the trial, and she has appealed, and that is the way the cause came here.

The first objection of the appellant relates to the capacity of the plaintiff to maintain this action; the insistence being that he is not a judgment creditor. The foundation for this argument lies in the fact that the judgment was actually entered in the name of the original trustees after the death of one and

the resignation of the other, and after the plaintiff was appointed sole trustee. But the most to be said upon that subject is that the practice may have been irregular, but such irregularity did not impart invalidity to the judgment. In whatever form it vested, the claim belonged to the plaintiff from the time of his appointment, and when it assumed the shape of a judgment the title to the same was vested in him, and he could enforce the same by any proceeding open to a judgment creditor. An assignment of the judgment to him was but a form, because he succeeded to the interests and rights of his predecessors in the trust. It is essential to the maintenance of an action by a creditor to set aside a fraudulent conveyance that the claim which underlies the action has been reduced to a judgment by the plaintiff, and that requisite has received compliance by the plaintiff in this action. The judgment having been thus entered upon a valid claim against the judgment debtor, and being all the time the property of the plaintiff, there is no reason why it should be assailed collaterally in this action, and no reason why the effort to perpetrate a fraud upon the beneficiary in the trust should succeed upon technical grounds alone.

Upon the merits, the effort of the appellant in favor of the demurrer seems to be to show that no trust resulted either to the judgment debtor or to the judgment creditor, and that the action cannot be maintained upon the ground of an express trust secretly created by the debtor and his wife. It is also insisted that the plaintiff cannot sustain this suit as an action to reach property fraudulently conveyed by the judgment debtor, because he neither owned nor conveyed the premises. The answer to all those arguments is that the complaint was not framed to contain such a case. The theory and claim of the plaintiff is that the judgment debtor has devised and executed a fraudulent scheme to buy property, and take the title in the name of his wife, to elude and defraud his creditors and perpetrate the fraud; that the money of the husband has been applied to payment of the land subsequent to the purchase, in pursuance and consummation of the fraudulent scheme; and that the wife has paid nothing. Such allegations constitute a cause of action in favor of a judgment creditor, and are sufficient, when admitted or proven, to enable him to reach the interest of the judgment debtor in the property, and procure the application of the same to the payment of his judgment. Any other rule would enable a judgment debtor to purchase property at will and to any extent, and place the title in a third person, and thus put his creditors at defiance. There is no statute and no rule of law to bar the equitable right of the plaintiff to reach the interest of his judgment debtor in the property in question. Fraud vitiates all transactions into which it enters, and, no matter what form or complexion it may assume, a court of equity will permit no advantage to be derived from its perpetration. The judgment appealed from should be affirmed, with costs. All concur.